**BAO LI XU,[1] Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–3974–ag.

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

1. Bin Li Xu has also been known as Xu Bao Lei, Bao–Li Xu, Bao Lei Xu, and Baolei Xu.

Robert J. Adinolfi, New York, New York, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Anh–Thu P. Mai, Senior Litigation Counsel, Julie M. Iversen, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Bao Li Xu, a native and citizen of the People's Republic of China, seeks review of an August 31, 2007 order of the BIA denying his motion to reopen proceedings. *In re Bao Li Xu,* No. A73 134 559 (B.I.A. Aug. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

█ In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006). When the agency denies a motion to reopen, this Court reviews the the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision "provides no rational explanation, in-

explicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Xu's motion to reopen. A motion to reopen must be filed no later than 90 days after the date of the agency's final decision. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a (c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

It is undisputed that Xu's motion to reopen was untimely where he filed it more than twelve years after the Immigration Judge's October 1994 in absentia exclusion order. 8 C.F.R. § 1003.2(c)(2). However, Xu claimed in his motion that country conditions in China had changed, urging the BIA to consider (but not submitting) the documents we discussed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). In his brief to this Court, Xu argues that the BIA erred in failing to consider those documents. He does not, however, challenge the BIA's finding that the evidence he did submit failed to establish changed country conditions which are material to his claim. Thus, he has waived any such argument. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be ad-

68

dressed on appeal). Even if Xu had challenged the BIA's findings regarding the evidence he submitted, we would not find an abuse of discretion because the BIA properly found that Xu's background materials had "no personal connection." While we have held that "a document need not specifically name the petitioner in order to merit attention." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 88 (2d Cir.2007), here Xu's evidence discusses family planning policy enforcement in Fujian Province, while Xu is from Zhejiang Province. Thus, it was of limited probative value. Additionally, the BIA properly found that Xu's unsworn "affidavit" attesting to the birth of two children in the U.S. did not constitute evidence of changed country conditions where it described only his changed personal circumstances. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

■ Moreover, with regard to the documents addressed in *Shou Yung Guo*, we cannot find that the BIA abused its discretion in failing to consider evidence that was not in the record. *See* 8 C.F.R. § 1003.2(c); *cf. Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007). Finally, insofar as Xu argues that the BIA abused its discretion in failing to reopen his proceedings sua sponte in light of the documents we addressed in *Shou Yung Guo*, we lack jurisdiction to review such a challenge because the agency's decision in that respect was "entirely discretionary." *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006); 8 C.F.R. § 1003.2(a).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).